FILED
Aug 19, 2008
AUG 19 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 08 CR 580   JUDGE JOHN W. DARRAH |
| | ) | |
| | ) | Violation: Title 18, |
| v. | ) | United States Code, |
| | ) | Section 1951 |
| MICHAEL J. CIANCIO | ) | |

MAGISTRATE JUDGE MASON

## COUNT ONE

The SPECIAL FEBRUARY 2008-1 GRAND JURY charges:

1. At times material to this indictment:

    a. MICHAEL J. CIANCIO was an officer in the Chicago Police Department assigned to the 16th police district.

    b. The Chicago Police Department required its officers to follow the Department's Rules and Regulations and General Orders.

    c. Chicago Police Department Rule 4 prohibited officers from any conduct or action taken to use their official position for personal gain or influence.

    d. Chicago Police Department Rule 45 prohibited officers from recommending any professional or commercial service.

    e. Chicago Police Department Rule 46 prohibited officers from advising any person engaged in a professional or commercial service that such professional or commercial service may be needed.

    f. Chicago Police Department Rule 48 prohibited officers from soliciting

or accepting any gratuity, or soliciting or accepting a gift, present, reward, or other thing of value for any service rendered as a Department member, or as a condition for the rendering of such service, or as a condition for not performing sworn duties.

  g. Chicago Police Department General Order 98-08-01D states that tows are provided by the Department of Streets and Sanitation or by Towing Company B, seven days a week, twenty-four hours a day.

  h. Chicago Police Department General Order 98-08-01D requires that officers notify the Chicago Police Department Office of Emergency Management and Communication to request a tow for any vehicle that should be towed.

  i. Individual A was a tow truck driver and owner of Towing Company A, a towing business operating in the Chicago area.

  2. Beginning on or about August 9, 2007, and continuing through on or about August 10, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

MICHAEL J. CIANCIO,

defendant herein, did attempt to commit extortion, which extortion would have obstructed, delayed, and affected commerce, in that he attempted to obtain and obtained property, namely United States currency, from Individual A, with that person's consent induced under color of official right, and by the wrongful use of fear of actual and threatened economic harm;

In violation of Title 18 United States Code, Section 1951.

2

## COUNT TWO

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are hereby re-alleged and incorporated as if fully set forth herein.

2. On or about August 17, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

### MICHAEL J. CIANCIO,

defendant herein, did attempt to commit extortion, which extortion would have obstructed, delayed, and affected commerce, in that he attempted to obtain and obtained property, namely United States currency, from Individual A, with that person's consent induced under color of official right, and by the wrongful use of fear of actual and threatened economic harm;

In violation of Title 18 United States Code, Section 1951.

## COUNT THREE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are hereby re-alleged and incorporated as if fully set forth herein.

2. On or about August 24, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

## MICHAEL J. CIANCIO,

defendant herein, did attempt to commit extortion, which extortion would have obstructed, delayed, and affected commerce, in that he attempted to obtain and obtained property, namely United States currency, from Individual A, with that person's consent induced under color of official right, and by the wrongful use of fear of actual and threatened economic harm;

In violation of Title 18 United States Code, Section 1951.

## COUNT FOUR

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are hereby re-alleged and incorporated as if fully set forth herein.

2. On or about September 7, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

MICHAEL J. CIANCIO,

defendant herein, did attempt to commit extortion, which extortion would have obstructed, delayed, and affected commerce, in that he attempted to obtain and obtained property, namely United States currency, from Individual A, with that person's consent induced under color of official right, and by the wrongful use of fear of actual and threatened economic harm;

In violation of Title 18 United States Code, Section 1951.

## COUNT FIVE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are hereby re-alleged and incorporated as if fully set forth herein.

2. Beginning on or about October 2, 2007, and continuing through on or about October 4, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

MICHAEL J. CIANCIO,

defendant herein, did attempt to commit extortion, which extortion would have obstructed, delayed, and affected commerce, in that he attempted to obtain and obtained property, namely United States currency, from Individual A, with that person's consent induced under color of official right, and by the wrongful use of fear of actual and threatened economic harm;

In violation of Title 18 United States Code, Section 1951.

## **FORFEITURE ALLEGATION**

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The allegations contained in Counts One through Five of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of his violation of Title 18, United States Code, Section 1951, as alleged in the foregoing Indictment,

MICHAEL J. CIANCIO,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interest(s) of the defendant(s) subject to forfeiture pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to $3,180.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY